# UNITED STATES DISTRICT COURT

for the

MIDDLE District of FLORIDA

OCALA Division

| | |
|---|---|
| DANIEL DOTSON | Case No. 5:22-CV-00479-WFJ-PRL |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| RICKY DIXON, SECRETARY N.O.C. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

*[stamp: CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL OCALA FLORIDA — 2022 NOV 23 AM 11:58 — FILED]*

## — AMENDED —
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DANIEL DOTSON |
| All other names by which you have been known: | ISA (MUSLIM NAME) |
| ID Number | 127542 |
| Current Institution | MARION C.I. |
| Address | P.O. BOX 158 |
| | LOWELL  FL  32663 |
| | *City*  *State*  *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | RICKY DIXON |
| Job or Title *(if known)* | SECRETARY DEPARTMENT OF CORRECTIONS |
| Shield Number | |
| Employer | |
| Address | 501 SOUTH CALHOUN ST. |
| | TALLAHASSEE  FL  32399 |
| | *City*  *State*  *Zip Code* |

☐ Individual capacity  ☒ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*  *State*  *Zip Code* |

☐ Individual capacity  ☐ Official capacity

Defendant No. 3

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

    _____

| City | State | Zip Code |

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

    _____

| City | State | Zip Code |

    ☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    SEE EXHIBIT II B.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____ N/A _____

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____ SEE EXHIBIT II.D. _____

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐     Pretrial detainee

☐     Civilly committed detainee

☐     Immigration detainee

☑     Convicted and sentenced state prisoner

☐     Convicted and sentenced federal prisoner

☐     Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____ N/A _____

B.      If the events giving rise to your claim arose in an institution, describe where and when they arose.

_____ PARTS B., C., & D. ARE CONSOLIDATED AND COVERED IN DETAIL (EXHIBIT IV) _____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

SEE B. OF IV

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE B. OF IV

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE EXHIBIT V.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE EXHIBIT VI

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

MARION C. I.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

33-103.013 CLASSIFICATION OF GRIEVANCE. "(8) LEGAL- ... RELIGIOUS.."

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes    *N/A*

☐ No

E.    If you did file a grievance:

1.   Where did you file the grievance?

MARION C.I.

2.   What did you claim in your grievance?

SEE EXHIBIT VII.

3.   What was the result, if any?

DENIED

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

INFORMAL, FORMAL, & GRIEVANCE APPEAL. SEE EXHIBIT VII.

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   _____N/A_____

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____N/A_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   _____INFORMAL, FORMAL, AND GRIEVANCE APPEAL (EXHIBIT VII)_____
   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

[ ] Yes

[✓] No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____N/A_____

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)     _N/A_

Defendant(s)   _N/A_

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_N/A_

3.   Docket or index number

_N/A_

4.   Name of Judge assigned to your case

_N/A_

5.   Approximate date of filing lawsuit

_N/A_

6.   Is the case still pending?

☐ Yes     _N/A_

☐ No

If no, give the approximate date of disposition.   _N/A_

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_N/A_

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____ N/A _____

   Defendant(s) _____ N/A _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____ N/A _____

3. Docket or index number

   _____ N/A _____

4. Name of Judge assigned to your case

   _____ N/A _____

5. Approximate date of filing lawsuit

   _____ N/A _____

6. Is the case still pending?

   ☐ Yes   N/A

   ☐ No

   If no, give the approximate date of disposition _____ N/A _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____ N/A _____

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-16-22

| | |
|---|---|
| Signature of Plaintiff | Daniel Dotso |
| Printed Name of Plaintiff | DANIEL DOTSON |
| Prison Identification # | 127542 |
| Prison Address | MARION C.I. P.O. BOX 158 |
| | LOWELL      FL      32663 |
| | *City*     *State*     *Zip Code* |

B. **For Attorneys**

Date of signing: 

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | *City*     *State*     *Zip Code* |
| Telephone Number | |
| E-mail Address | |

# EXHIBIT
# II. B.

# B.

1. THE BEARD POLICY AS APPLIES TO ME VIOLATES MY FIRST AMENDMENT RIGHT AND MY RIGHT ACCRUED BY THE RLUIPA, IN THAT IT DOES NOT ALLOW ME TO GROW AND MAINTAIN A FIST-LENGTH BEARD AND TRIM MY MOUSTACHE IN ACCORDANCE TO MY FAITH.

2. PRISON OFFICIALS MUST AFFORD INMATES A REASONABLE OPPORTUNITY TO PRACTICE RELIGION, UNLESS INTERFERING WITH A PRISONER'S FREE EXERCISE OF RELIGION IS RELATED TO A LEGIT-IMATE PENOLOGICAL INTERESTS. THE GOVERN-MENT MUST NOT IMPOSE A SUBSTANTIAL BURDEN ON A SINCERELY HELD RELIGIOUS PRACTICE, ABSENT A COMPELLING GOVERNMENTAL INTEREST. SHOULD A COMPELLING INTEREST EXIST, THE GOVERNMENT MUST USE THE LEAST RESTRICTIVE MEANS IN FURTHERING ITS INTEREST. O'LONE V. ESTATE OF SHABAZZ, 482 U.S. 342, 349 (1987), RLUIPA OF 2000, 42 U.S.C. § 2000cc, CUTTER V. WILKINSON, 544 U.S. 709, 722-723 (2005).

3. FURTHER, IN SIMS V. MARKINCH, 400 F. SUPP. 3d 1272; 2019 U.S. DIST. LEXIS 155265, THE CASE PRESENTS THE QUESTION WHETHER RLUIPA ENTITLES A PRISONER TO GROW A FIST-LENGTH BEARD. THE ORDER HOLDS THAT THE ANSER IS YES.

4. FURTHER, IN SHABAZZ V. RICKY DIXON 2022 U.S. DIST. LEXIS 63331, A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION WAS ORDERED ENJOINING FDOC FROM ENFORCING THE GROOMING POLICY TO PREVENT SHABAZZ FROM MAINTAINING A FIST-LENGTH BEARD.

5. HERE THE EVIDENCE SHOWS THAT EVEN THOUGH PRISON OFFICIALS KNEW THAT I WAS TRYING TO GROW AND MAINTAIN A FIST-LENGTH BEARD AND TRIM MY MUOSTACHE IN ACCORDANCE TO MY FAITH, BY MY ACTUAL ATTEMPT AT DOING SO AND THROUGH INFORMING THEM BY WAY OF INFORMAL, FORMAL, AND GRIEVANCE APPEAL, (SEE EXHIBIT VII), THE INSTITUTION DID NOT TAKE ANY MEASURES TO PROTECT MY RIGHTS AND I AM STILL BEING FORCED TO SHAVED.

6. BY DOING NOTHING TO PROTECT MY RIGHTS, PRISON OFFICIALS ACTED WITH DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK THAT I WOULD SUFFER IR-REPARABLE HARM IN THE FORM OF PHYSICAL IM-PERMISSIBLE MUTILATION AND MENTAL PAIN FROM FORCING ME TO BE EFFEMINATE. AND ACCORDING TO MY FAITH, IT IS MUTILATION AND EFFEMINATE.

# EXHIBIT
# II. D.

D.

7. OFFICIAL, RICKY DIXON, SECRETARY OF THE DEPARTMENT OF CORRECTIONS, IS AN OFFICIAL WHO WORKS FOR A MUNICIPALITY. OFFICIAL WHO WORK FOR A MUNICIPALITY ACT UNDER COLOR OF STATE LAW AND MAY BE SUED UNDER § 1983.

8. UNDER WHAT IS CALLED "THE EX PARTE YOUNG FICTION," YOU MAY SUE A STATE OFFICIAL IN HIS OFFICIAL CAPACITY FOR INJUNCTIVE RELIEF TO FORCE THE STATE OR STATE AGENCY FOR WHOM THE OFFICIAL WORKS TO OBEY THE CONSTITUTION.

9. THE CONSTITUTIONAL VIOLATION RESULTED FROM AN ACTUAL POLICY. I BELIEVE THAT THE DEFENDANT, RICKY DIXON, SECRETARY OF D.O.C. HAS FINAL POLICY MAKING AUTHORITY FOR THE D.O.C.. AT ALL TIMES RELEVANT TO THE EVENTS DESCRIBED HEREIN, THE DEFENDANT HAS ACTED AND CONTINUES TO ACT UNDER COLOR OF STATE LAW.

# EXHIBIT IV.

## STATEMENT OF CLAIM

10. I WAS FORCED TO TRIM MY BEARD ON 8-13-22.

11. ON 8-13-22 I FILED AN INFORMAL GRIEVANCE STATING THAT THE BEARD POLICY AS APPLIED TO ME VIOLATES RLUIPA, AS I VIOLATES A TENET OF MY MUSLIM FAITH. I EXPLAINED THAT I WAS FORCED TO SHAVE. I ALSO EXPLAINED THAT ONE OF THE TENETS OF MY FAITH IS THAT I MUST GROW AND MAINTAIN AT LEAST A FIST-LENGTH BEARD AND TRIM MY MOUSTACHE. I ASKED FOR A INDIVIDUALIZED CASE CONTEXT-SPECIFIC INQUIRY FOLLOWING THE STANDARD SET FORTH IN SIMS V. INCH, 400 F SUPP. 3d 1272 2019, TO DETERMINE IF I QUALIFY FOR THE EXEMPTION.

12. ON 8-19-22, J. GALLWITZ RESPOND TO MY INFORMAL DENYING IT BASED ON THE RELIGIOUS TECHNICAL MANUAL'S OMITION OF ANY MENTIONING OF A FIST-LENGTH BEARD. ADDING, "HOWEVER, THAT I COULD GROW A HALF-INCH BEARD ACCORDING TO CH. 33,602,101.

13. ON 8-24-22, I FILED A FORMAL GRIEVANCE STATING THAT THEIR HALF INCH BEARD POLICY WAS A RESULT OF HOLT V. HOBBS, 574 U.S. 352 135 S. CT. 853, 190 L.ED 747, HOLDING THAT RLUIPA ENTITLED PRISONERS TO GROW A HALF INCH BEARD AS REQUIRED BY HIS RELIGION. AND THAT LARGLEY TO AVOID A CASE BY CASE BEARD-APPROVAL PROCESS, THE DEPARTMENT CHANGED IT'S BEARD POLICY TO ALLOW ALL INMATES TO GROW A HALF INCH BEARD.

18.

14. I FURTHER EXPLAINED THAT RELIGIOUS BELIEFS AND PRACTICES CAN OVERRIDE DEPARTMENT POLICY WHEN THE POLICY IMPOSES A SUBSTANTIAL BURDEN ON A RELIGIOUS EXERCISE.

15. I THEN PRESENTED THE SIMS V. MARK INCH, 400 F. SUPP. 3d 1273, WHERE IT WAS DECIDED THAT RLUIPA ENTITLED A PRISONER TO GROW A FIST-LENGTH BEARD. BUT THAT THE DEPARTMENT FAILED TO CHANGE ITS BEARD POLICY TO INCLUDE ALL INMATES WHICH RESULTED IN A CASE BY CASE BEARD APPROVAL PROCESS. I THEN ASKED FOR AN EXEMPTION FROM THE CURRENT BEARD POLICY.

16. ON 9-2-22, MY FORMAL GRIEVANCE WAS DENIED.

17. ON 9-6-22, I APPEALED TO THE SECRETARY OF D.O.C., THAT MY FIST-LENGTH BEARD CAN BE ACCOMMODATED AS EASILY AS A HALF-INCH BEARD - OR NEARLY SO, AND THAT REFUSAL TO ALLOW ME TO GROW IT IS NOT THE LEAST RESTRICTIVE MEANS OF FURTHERING A GOVERNMENTAL INTEREST. THIS WAS DENIED AS WELL. (SEE EXHIBIT VII)

18. I HAVE BEEN IN THE D.O.C. SINCE 2006. I CONVERTED TO ISLAM OFFICIALY IN 2019. THE DEPARTMENT ALLOWS ME TO PRACTICE MY FAITH IN MANY WAYS. I HAVE RESIDED IN NUMEROUS FAITH-AND-CHARACTER-BASED DORMS AND AM CURRENTLY HOUSED AT AN INCENTIVIZED INSTITUTION WHERE I RECEIVE EXTRA PRIVILEGES. I PRAY FIVE TIMES A DAY, ATTEND STUDY CLASSES AND PRAYER SERVICES, READ ISLAMIC TEXTS, DON A KUFI, AND KEEP A PRAYER RUG. I USE THE FIRST NAME 'ISA.

I STRIVE TO MAINTAIN A DIET CONSISTENT WITH MY RELIGIOUS BELIEFS. I OBSERVE RAMADAN AND PRAY MORE FREQUENTLY WITH MY PEERS.

19. MY RELIGION REQUIRES ME TO GROW A FIST-LENGTH BEARD AND TO TRIM MY MOUSTACHE. FOR ME, NOT COMPLYING WITH THIS REQUIREMENT IS A PUNISHABLE SIN.

20. I HAVE BEEN A NEAR-MODEL INMATE. IN OVER 12 YEARS, I HAVE NOT RECEIVED A DISCIPLINARY REPORT.

21. I AM SUFFERING IRREPARABLE HARM IN THE FORM OF PHYSICAL IMPERMISSIBLE MUTILATION, AND MENTAL PAIN FROM FORCING ME TO BE EFFEMINATE.

22. DEFENDANT, RICKY DIXON, HAS THE RESPONSIBILITY OF INSURING THAT INMATES WHO QUALIFY FOR EXEMPTION FROM THE D.O.C. BEARD POLICY AS AFFORDED BY THE RLUIPA, RECEIVE SAID EXEMPTIONS.

23. RICKY DIXON HAS THE RESPONSIBILITY TO PROVIDE ME THE PLAINTIFF WITH THE EXEMPTION.

# EXHIBIT V.

24. IF YOUR RELIGIOUS PRACTICES HAVE BEEN UNNECESSARILY RESTRICTED, THEN YOU HAVE BEEN INJURED. YOUR CIVIL RIGHTS HAVE BEEN VIOLATED.

25. LEGAL INJURY IS DEFINED AS THE VIOLATION OF A LEGAL RIGHT FOR WHICH THE LAW PROVIDES A REMEDY.

26. WHO CAUSED MY INJURY? THE DEPARTMENT OF CORRECTIONS BEARD POLICY CAUSED MY INJURY. MORE SPECIFICALLY, THE DEPARTMENTS FAILURE TO ALLOW ME A RELIGIOUS ACCOMMAD ACCOMMODATION BY WAY OF AN EXEMPTION FROM THE CURRENT GROOMING POLICY, CAUSED MY INJURY.

27. WHAT EXACTLY IS THE NATURE OF MY INJURY? A TENET OF MY FAITH IS TO GROW AND MAINTAIN AT LEAST A FIST-LENGTH BEARD AND TO TRIM MY MOUSTACHE. THE BEARD POLICY ONLY ALLOWS A HALF-INCH BEARD AND YOU CAN'T TRIM YOUR MOUSTACHE.

28. IN WHAT WAY HAS THE GOVERNMENT FAILED ME? DENIED ME AN EXEMPTION FROM THE CURRENT BEARD POLICY AND FORCED ME TO TRIM MY BEARD.

29. WHY AND HOW DID THE INJURYOUS EVENT HAPPEN? I TRIED TO GROW MY BEARD IN ACCORDANCE TO MY FAITH AND THE OFFICERS MADE ME SHAVE IT IN ACCORDANCE WITH THEIR BEARD POLICY. WHEN I ASKED FOR ADMINISTRATIVE REMEDY, I WAS DENIED.

30. DID YOU IN ANY WAY, CONTRIBUTE TO YOUR OWN INJURY?
UNLESS TRYING TO PRACTICE MY RELIGION COUNTS, THEN NO.

31. UNDER WHAT LEGAL CAUSE OF ACTION DOES YOUR PROBLEM FALL?
A CAUSE OF ACTION IS A CIVIL INJURY THAT GIVES ONE THE
RIGHT TO ASSERT A CLAIM BASED ON THE BREACH OF A RIGHT
GA GAURANTEED UNDER A CONSTITUTION (FEDERAL AND/OR
STATE), STATUTE, REGULATION, OR AS A MATTER OF DUE PROCESS.

32. THE CAUSE OF ACTION FOR MY RELIGIOUS PRACTICES BEING
UNNECESSARILY RESTRICTED IS ASSERTED PURSUANT TO
THE FIRST AMENDMENT AS WELL AS THE (RLUIPA), 42 U.S.C.
§ 2000-CC-(1)(a)(1)-(2), PROVIDES IN PART: "NO GOVERNMENT
SHALL IMPOSE A SUB SUBSTANTIAL BURDEN ON A RELIGIOUS
EXERCISE OF A PERSON RESIDING IN OR CONFINED TO AN
INSTITUTION, UNLESS THE BURDEN FURTHERS A COMPELLING
GOVERNMENTAL INTEREST, AND DOES SO BY THE LEAST RESTRICTIVE
MEANS." THE CONSTITUTIONALITY OF THIS STATUTE WAS UPHELD
BY THE U.S. SUPREME COURT IN CUTTER V. WILKINSON, 544 U.S.
709, 125 S. CT. 2113 (2005).

# EXHIBIT

# VI.

## RELIEF

1. ORDER THE SENTENCING STATE, THE STATE OF FLORIDA DEPARTMENT OF CORRECTIONS TO TRANSFER ME TO MY HOME STATE OF TENNESSEE,[1] OR,

2. ORDER THE SECRETARY OF THE D.O.C. TO ALLOW ME TO GROW AND MAINTAIN ATLEAST A FIST-LENGTH BEARTH AND TRIM MY MOUSTACHE IN ACCORDANCE TO MY FAITH.

---

[1] GARTELL V. ASHCROFT, 191 F. SUPP. 2d 23,39 (D.D.C. 2002) APPEALED DISMISSED, 2003 WL 1873847 (D.C. CIR., APR.11, 2003) (UNPUBLISHED) (REQUIRING D.C. PRISONERS WHOSE RASTAFARIAN OR OTHER RELIGIOUS PRACTICE WAS BURDENED BY VIRGINIA HAIR AND BEARD RULES TO BE RETURNED TO D.C.)

# EXHIBIT
## VII.

MAILED/FILED
WITH AGENCY CLERK

SEP 28 2022

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| DOTSON, DANIEL | 127542 | 22-6-28201 | MARION C.I. | E2104S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

You need to initiate the grievance process and file an informal if you are not satisfied with your inmate request response.

Your administrative appeal is denied.

A. Keaton

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | *A. Keaton*<br>SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 9/23/22<br>DATE |

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

**RECEIVED**

SEP 15 2022

Department of Corrections
Bureau of Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| DOTSON, DANIEL R. | 127542 | MARION |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

Part A – Inmate Grievance                        22-6-28201

MY FIST LENGTH BEARD CAN BE ACCOMMODATED AS EASILY AS A HALF-INCH BEARD - OR NEARLY SO. THE CURRENT BEARD POLICY IMPOSES A SUBSTANTIAL BURDEN ON MY RELIGIOUS EXERCISE. REFUSAL TO ALLOW ME TO GROW A FIST-LENGTH BEARD IS NOT THE LEAST RESTRICTIVE MEANS OF FURTHERING A GOVERNMENTAL INTEREST.

I HAVE BEEN IN THE DEPARTMENT OF CORRECTIONS SINCE 2006. I CONVERTED TO ISLAM IN 2019. THE DEPARTMENT ALLOWS ME TO PRACTICE MY FAITH IN MANY WAYS. I HAVE RESIDED IN NUMEROUS FAITH-AND-CHARACTER-BASED DORMITORIES AND AM CURRENTLY HOUSED AT AN INCENTIVIZED INSTITUTION WHERE I RECEIVE EXTRA PRIVILEGES. I PRAY FIVE TIMES A DAY, ATTEND STUDY CLASSES AND PRAYER SERVICES, READ ISLAMIC TEXTS, DON A KUFI, AND KEEP A PRAYER RUG. I USE THE FIRST NAME ISA. I STRIVE TO MAINTAIN A DIET CONSISTENT WITH MY RELIGIOUS BELIEFS. I OBSERVE RAMADAN BY EATING MY MEALS BEFORE SUNRISE AND AFTER SUNSET AND BY PRAYING MORE FREQUENTLY WITH MY PEERS.

MY RELIGION REQUIRES ME TO GROW A FIST-LENGTH BEARD AND TO TRIM MY MOUSTACHE. FOR ME, NOT COMPLYING WITH THIS REQUIREMENT IS A PUNISHABLE SIN.

I HAVE BEEN A NEAR-MODEL INMATE. IN OVER 12 YEARS, I HAVE NOT RECEIVED A DISCIPLINARY REPORT.

IT IS FOR THESE REASONS THAT I AM REQUESTING THE INQUIRY, AND AM HOPEFUL FOR THE EXEMPTION.

— RESPECTFULLY

| 9-6-22 | Daniel Dotson   127542 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Ø / D. Dotson
#   Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 9/7/2022    Institutional Mailing Log #: 304-2209-141   J. Buller   GH
(Date)                                                          (Received By)

22-09-304-626

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)            Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| DOTSON, DANIEL | 127542 | 2208-304-026 | MARION C.I. | E2104S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Formal Grievance 2208-304-026 has been received and reviewed.

The response that you received at the institutional level (304-2208-0056) has been reviewed and is found to appropriately address the concerns that you raised at the institutional level.

Your administrative appeal is DENIED.

You may obtain further review of your complaint by obtaining and completing form DC1-303, Request for Administrative Remedy or Appeal, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399.

R. Santiago, Lt.                    S. Varnes, Warden

_____          _____          9-2-22
SIGNATURE AND TYPED OR PRINTED NAME OF          SIGNATURE OF WARDEN, ASST.          DATE
EMPLOYEE RESPONDING                    WARDEN, OR SECRETARY'S
                              REPRESENTATIVE

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

AUG 25 2022

ASSISTANT WARDEN
OF PROGRAMS

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

DOTSON, DANIEL R.    127542    MARION
Last   First   Middle Initial    DC Number    Institution

2208-304-026

---

Part A – Inmate Grievance

WHILE YOUR RESPONSE IS TRUE, CHAPTER 33.602.101 DOES STATE, "ALL INMATES SHALL ELECT EITHER TO BE CLEAN SHAVEN OR TO GROW AND MAINTAIN A HALF-INCH BEARD." THIS POLICY WAS THE RESULT OF THE 2015 SUPREME COURT DECISION, HOLT V. HOBBS, 574 U.S. 352, 135 S.CT. 853, 190 L. Ed 747, HOLDING THAT THE RLUIPA ENTITLED A PRISONER TO GROW A HALF-INCH BEARD AS REQUIRED BY HIS RELIGION.

LARGELY TO AVOID A CASE BY CASE BEARD-APPROVAL PROCESS, THE DEPARTMENT CHANGED ITS POLICY TO ALLOW ALL INMATES TO GROW A HALF-INCH BEARD. IT IS ALSO TRUE THAT RELIGIOUS BELIEFS AND PRACTICES DO NOT OVERRIDE DEPARTMENT POLICY, UNLESS THE POLICY IMPOSES A SUBSTANTIAL BURDEN ON A RELIGIOUS EXERCISE.

FOLLOWING HOLT, THE 2019 CASE, SIMS V. MARK INCH, 400 F. SUPP. 3d 1273, PRESENTED THE QUESTION WHETHER RLUIPA ENTITLES A PRISONER TO GROW A FIST-LENGTH BEARD. THE ORDER HOLDS THAT THE ANSWER IS YES, AS THE DEPARTMENTS POLICY IMPOSES A SUBSTANTIAL BURDEN ON A RELIGIOUS EXERCISE. UNFORTUNATELY, THE DEPARTMENT DID NOT CHANGE ITS POLICY TO INCLUDE ALL INMATES, RESULTING IN AN UNAVOIDABLE CASE-BY-CASE-BEARD-APPROVAL PROCESS.

APPLYING THE STANDARD SETFORTH IN SMITH, 848 F.3d AT 981, AN "INDIVIDUALIZED, CONTEXT-SPECIFIC INQUIRY" ENSUED AND DURRELL SIMS, WAS GRANTED AN EXEMPTION FROM THE CURRENT BEARD POLICY, AND IT WAS ORDERED, THE SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS MUST ALLOW DURRELL SIMS TO GROW A FIST-LENGTH BEARD AND TO TRIM HIS MOUSTACHE IN ACCORDANCE WITH HIS RELIGIOUS BELIEFS.

REMEDY SOUGHT

I AM SEEKING THE SAME EXEMPTION AND RESPECTFULLY REQUEST AN INQUIRY IN COMPLIANCE WITH THE ABOVE MENTIONED BEARD-APPROVAL PROCESS.

AUGUST 24th 2022      Daniel Dotson 127542
DATE      SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:   Ø / Daniel Dotson
#    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____ Institutional Mailing Log #: _____ _____
(Date)      (Received By)

SEC
DC-H

DISTRIBUTION:   INSTITUTION/FACILITY    CENTRAL OFFICE
   INMATE (2 Copies)    INMATE
   INMATE'S FILE    INMATE'S FILE - INSTITUTION/FACILITY
   INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
     CENTRAL OFFICE GRIEVANCE FILE

/3 (Effective 11/13)      Incorporated by Reference in Rule 33-103.006, F.A.C.

INMATE REQUEST

304-2208-0056

| Mail Number: |
| Team Number: |
| Institution: |

TO:
(Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

| FROM: | Inmate Name DOTSON, DANIEL | DC Number 127542 | Quarters E2-104S | Job Assignment LAUNDRY | Date 8-13-22 |

## REQUEST

Check here if this is an informal grievance ☑

TODAY, I WAS FORCED TO TRIM MY BEARD. THE BEARD POLICY VIOLATES A TENET OF MY FAITH.

ONE TENET OF MY MUSLIM FAITH IS THAT I MUST GROW A FIST LENGTH BEARD AND TRIM MY MOUSTACHE.

THE DEPARTMENTS POLICY ALLOWS AN INMATE TO GROW A HALF INCH BEARD OR NO BEARD AT ALL AND NO MOUSTACHE WITHOUT A BEARD. THE BEARD POLICY AS APPLIED TO ME, VIOLATES RLUIPA.

REMEDY SOUGHT

"INDIVIDUALIZED, CONTEXT-SPECIFIC INQUIRY" FOLLOWING THE STANDARD SET FORTH IN SIMS V. INCH 400 F. Supp. 3d 1272 2019, TO DETERMINE IF I QUALIFY FOR THE EXEMPTION.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): D. Dotson | DC#: 127542 |

RECEIVED

AUG 15 2022

ASSISTANT WARDEN
OF PROGRAMS

## DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED

Informal Grievance #304-2208-0056 has been received, reviewed, and the following response provided by the Security (J. Gallwitz).

Nowhere in the Religious Technical Manual under pages 26-29 (Islam section) does it state that you are allowed to grow any other beard other than what is stated in the Florida Department of Corrections policy. However, Chapter 33.602.101 does state, "All inmates shall elect either to be clean shaven or to grow and maintain a half-inch beard."

Based on the foregoing information, your grievance is being DENIED.

[The following pertains to informal grievances only.]
Based on the above information, your grievance is __DENIED__ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): J. Gallwitz | Official (Signature): | Date: 8/19/22 |

SCC
06H

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.
DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.