UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DANIEL R. DOTSON,**

    **Plaintiff,**

**v.**                                               **Case No. 5:22-cv-479-WFJ-PRL**

**RICKY DIXON,**

    **Defendant.**
_____/

## ORDER

Before the Court is Plaintiff's Amended Motion for Preliminary Injunction and/or Protective Order and Declaration with Memorandum in Support. (Doc. 10). Plaintiff, an inmate in the Florida Department of Corrections (DOC), has a pending Amended Complaint seeking injunctive and declaratory relief challenging the DOC's grooming policy under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLIUPA"), 42 U.S.C. § 2000cc–2000cc-5. *See* Doc. 11. Plaintiff alleges he exhausted his administrative remedies. *Id*. at 6–8, 26–33. Plaintiff seeks a "restraining order requiring the Defendant to arrange for an exemption from the current beard policy" allowing him "to grow and maintain at least a fist-length beard and to trim my moustache." (Doc. 10 at 2). Having reviewed Plaintiff's Motion and Declaration, Plaintiff's Amended Complaint, and the record, the Court denies the Amended Motion.

This is not to mean the Plaintiff's claims are ultimately without merit. Rather the Court prefers to handle the matter in an evidentiary fashion with both sides filing cross motions for summary judgment. To the extent Plaintiff wishes to expedite these matters, he may pursue this approach expeditiously. If Plaintiff is entitled to an injunction, he will get one and it will be permanent. The Court notes that, based on the record, the Defendant has provided a number of very significant accommodations to Plaintiff's religious practices.

A prime basis for denying the fairly drastic relief of a temporary injunction is the temporal delay (*see* below) from Plaintiff in bringing suit. Plaintiffs seeking temporary restraining orders need to act with alacrity. That is missing here. Equally disabling for temporary and preliminary relief is the fact-bound nature of this case. The issue of whether the contested prison regulation works a "substantial burden" on Plaintiff's free exercise, and if so is the "least restrictive means of furthering a compelling governmental interest"[1] is simply too fact-based and contested to grant without an evidentiary inquiry.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary

---

[1] *See Holt v. Hobbs*, 574 U.S. 352 (2015).

injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); see also Fed. R. Civ. P. 65(b).

"The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539–40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

When a preliminary injunction is sought to force another party to act, rather than simply maintain the status quo, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971).[2] Indeed a mandatory injunction "should not be granted except in rare instances in which the facts and law clearly favor the moving party." *Id*. (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958)); *see also Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). Accordingly,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a movant seeking such relief bears a heightened burden of demonstrating entitlement to preliminary injunctive relief. *See Verizon Wireless Pers. Commc'n LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) (quoting the Southern District of New York, "Where a mandatory injunction is sought, 'courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'"); *Mercedes-Benz U.S. Int'l, Inc. v. Cobasys, LLC*, 605 F. Supp. 2d 1189, 1196 (N.D. Ala. 2009).

Plaintiff has not shown that injunctive relief should be granted. First, he is not seeking to maintain the status quo. Instead, he is asking the Court to compel the Defendant to perform an act, to direct the officers and employees of the DOC to not enforce the DOC's grooming policy, as to this individual prisoner. In essence, Plaintiff is asking the Court to direct the Defendant to issue an exemption to a DOC policy. Asking the Court to interfere with the prison's administration is something courts generally will not entertain. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Further, Plaintiff has not met his heightened burden. Plaintiff officially converted to Islam in 2019, and complied with the DOC's grooming policy until August 13, 2022, when he first began to grieve this matter. (Doc. 11 at 18). Due to this delay in seeking an exemption from the grooming policy, Plaintiff has failed to establish that "extreme or serious damage would result absent the relief."

4

Because Plaintiff has not met his heightened burden for a mandatory or affirmative injunction nor complied with the Local Rules for a temporary restraining order, his Motion (Doc. 10) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Party
Counsel of Record