**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DANIEL R. DOTSON,**

    **Plaintiff,**

v.                                                       Case No: 5:22-cv-479-WFJ-PRL

**RICKY DIXON,**

    **Defendant.**

## ORDER

Plaintiff, proceeding *pro se,* initiated this case by filing a Civil Rights Complaint. Plaintiff is proceeding on his Amended Complaint. (Doc. 11). On September 18, 2024, an Order denying Plaintiff's Motion for Summary Judgment and granting, in part, and denying, in part, Defendant Ricky Dixon's Motion for Summary Judgment.[1] (Doc. 47).

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 49). While a plaintiff in a civil case has no constitutional right to counsel, "a court may request an attorney to represent any person unable to afford counsel," subject to the Court's discretion. 28 U.S.C §1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999). Here, in light of the Court's discretion to seek counsel and the impending trial, the motion (Doc. 49) is **GRANTED** to the extent it will make efforts to secure representation for Plaintiff.

It is hereby requested that a designated **Deputy Clerk of this Court** make efforts to seek counsel to represent Plaintiff from available sources of attorneys interested in handling *pro bono* opportunities. The **Deputy Clerk** is directed to contact any of our local bar

---

[1] The Defendant's motion was granted as to Plaintiff's claim seeking a transfer to Tennessee. *See* Doc. 47 at 14–15.

associations[2] to discuss the possibility of posting the request to assist this *pro se* litigant. The correspondence shall include the case number, a copy of this order, and the following brief factual summary:

> Plaintiff has filed a civil rights case under 42 U.S.C. § 1983 based on the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc–2000cc-5. Plaintiff claims that the Florida Department of Corrections' grooming policy, which prohibits inmates from growing beards longer than half an inch, unlawfully interferes with his right to freely practice his religious beliefs. Plaintiff is a Muslim and states that a tenet of his faith requires him to grow a fist-length beard with a trimmed moustache. The Court has ruled on Plaintiff's and Defendant's motions for summary judgment. The remaining issues are whether the grooming policy violates the Free Exercise Clause of the First Amendment and whether the grooming policy violates RLUIPA's protection of religious liberty.

The correspondence should also state that pursuant to the Ocala Division Civil Pro Bono Appointment Program, the appointment attorney is permitted to be reimbursed for certain costs incurred during the representation. Information regarding allowable costs and the procedure for obtaining reimbursement is available on the Court's website, www.flmd.uscourts.gov.

The **Deputy Clerk** shall note on the docket which bar associations were contacted, by what means, and on what date. The correspondence should be sent **no later than 5 days from the date of this Order**.

If counsel wishes to represent Plaintiff, they should contact the Deputy Clerk to notify them of their intent **within 30 days of the date of this Order**, and the Deputy Clerk will notify the undersigned. Upon consent of the Plaintiff, the appointed counsel shall enter a notice of

---

[2] These include, but are not limited to: the Marion County Bar Association; Sumter County Bar Association; Citrus County Bar Association; Lake County Bar Association; Alachua County Bar Association; and area chapters of the Federal Bar Association (e.g., North Central Florida, Jacksonville, Orlando, and Tampa Bay chapters).

appearance. If no counsel enters an appearance on behalf of Plaintiff within 60 days of the date of this Order, the case will proceed without counsel for Plaintiff.

**Plaintiff mut be aware that there is no guarantee that an attorney will agree to take his case and represent him.**

IT IS SO ORDERED.

**DONE AND ORDERED** at Ocala, Florida, this 23rd day of October 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:   Pro Se Party
             Counsel of Record
             Deputy Clerk