UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DANIEL R. DOTSON,**

    **Plaintiff,**

**v.**                                                              **Case No. 5:22-cv-479-WFJ-PRL**

**RICKY DIXON,**

    **Defendant.**

_____/

**ORDER**

Before the Court is Plaintiff's Motion to Renew Request for Preliminary Injunction/Protective Order and Temporary Restraining Order with Declaration ("Renewed Motion," Doc. 65). Plaintiff, an inmate in the Florida Department of Corrections (DOC), has a pending Amended Complaint seeking injunctive and declaratory relief challenging the DOC's grooming policy under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLIUPA"), 42 U.S.C. § 2000cc–2000cc-5. *See* Doc. 11. In the Renewed Motion, Plaintiff seeks "a preliminary injunction enjoining the Department from enforcing the grooming policy specifically on him so that he can grow and maintain a fist-length (3 inch) beard." (Doc. 65 at 6). Having reviewed Plaintiff's Renewed Motion and Declaration, Plaintiff's Amended Complaint, Defendant's Response in Opposition (Doc. 68), and the record, the Court denies the Renewed Motion.

Plaintiff previously sought a "restraining order requiring the Defendant to arrange for an exemption from the current beard policy" allowing him "to grow and maintain at least a fist-length beard and to trim my moustache." (Doc. 10 at 2). Because Plaintiff was asking the Court to compel the Defendant to perform an act, not maintain the status quo, the motion became a mandatory or affirmative injunction. (Doc. 37 at 3–4). The motion was denied because Plaintiff did not meet the heightened burden for a mandatory or affirmative injunction and did not comply with the Local Rules for a temporary restraining order. (Doc. 37).

Now, Plaintiff "points out that he has grown and maintained a two inch beard (in compliance with Defendant's aforementioned claim that he was allowing Plaintiff to do so) for nearly two years without incident and without the Defendant incurring any additional expenses." (Doc. 65 at 6). Plaintiff seeks "a preliminary injunction enjoining the Department from enforcing the grooming policy specifically on him so that he can grow and maintain a fist-length (3 inch) beard." *Id*.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); see also Fed. R. Civ. P. 65(b).

"The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*,

695 F.2d 536, 539–40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

When a preliminary injunction is sought to force another party to act, rather than simply maintain the status quo, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971).[1] Indeed a mandatory injunction "should not be granted except in rare instances in which the facts and law clearly favor the moving party." *Id.* (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958)); *see also Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."). Accordingly, a movant seeking such relief bears a heightened burden of demonstrating entitlement to preliminary injunctive relief. *See Verizon Wireless Pers. Commc'n LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) (quoting the Southern District of New York, "Where a mandatory injunction is sought, 'courts apply a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.'"); *Mercedes-Benz U.S. Int'l, Inc. v. Cobasys, LLC*, 605 F. Supp. 2d 1189, 1196 (N.D. Ala. 2009).

Plaintiff has not shown that injunctive relief should be granted to permit him to grow and maintain a fist-length, three-inch, beard. First, he is not seeking to maintain the status quo. Plaintiff acknowledges that he has been allowed to grow and maintain a two-inch beard for nearly two years. (Doc. 65 at 6). Now, he is asking the Court to compel the Defendant to allow Plaintiff a further exemption[2] to the grooming policy and allow him to grow a longer beard. *Id*.

Plaintiff has not met his heightened burden. As Plaintiff avers, he has been able to maintain a two-inch beard for nearly two years. His delay in seeking a further exemption undercuts his ability to establish that "extreme or serious damage would result absent the relief." *Verizon Wireless*, 670 F. Supp. 2d at 1346.

Because Plaintiff has not met his heightened burden for a mandatory or affirmative injunction nor complied with the Local Rules for a preliminary injunction or temporary restraining orders, his Renewed Motion (Doc. 65) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on June 17, 2025.

---

[2] It is not clear under what authority Plaintiff is permitted to maintain a two-inch beard at Everglades Correctional Institution. *See* Doc. 65 at 10.

5

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Party
Counsel of Record